No. 24,678.

JACOB UPLINGER, *Appellant*, v. CARRA BROWN, *Appellee*.

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Action by Landlord for Damages—No Damages Proven.* Various assignments of error in an action for damages by a landlord against his tenant are held not to be well-founded.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed March 8, 1924. Affirmed.

*Leigh D. Dowling,* of St. Francis, *C. A. P. Falconer,* of Atwood, and *W. S. Langmade,* of Oberlin, for the appellant.

*E. E. Kite,* of St. Francis, *A. M. Harvey,* and *R. C. Harvey,* both of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages by a landlord against his tenant. The defendant prevailed and plaintiff appeals. The defendant cultivated certain land belonging to the plaintiff during 1918 and 1919, under a verbal contract which provided that plaintiff should have one-third of the grain raised on sod land and one-fourth on other land, the same to be delivered in St. Francis. The principal controversy arose over the pasturing of wheat in the fall of 1919, a portion of which was volunteer. Other claims of the plaintiff were for corn and wheat alleged to have been retained by the defendant and not delivered. Also that defendant had removed a harrow cart and converted it to his own use. Plaintiff's claims aggregated $2,433.75, of which amount $1,000 was for pasturing the wheat.

The defendant claimed that the wheat was pastured with the knowledge and consent of the plaintiff; that the crop was not damaged by such pasturing; and that he had delivered all of plaintiff's portion of the crop raised on the premises. He filed a cross petition against plaintiff for various items amounting to $90.

Trial was to a jury. There was testimony showing that the wheat was pastured with the knowledge and consent of the plaintiff; that he told the defendant he could pasture the wheat and that he visited the premises on various occasions and saw the stock on the wheat and while the evidence was conflicting in some respects, there was substantial testimony showing that the wheat was not damaged by the pasturing, but, on the contrary, may have been benefited. There was also testimony showing that the yield was about twenty bushels to the acre, the amount which plaintiff claimed it would have yielded had it not been pastured. There was an entire lack of testimony on some of the other counts of plaintiff's petition. It was a fact case where each party produced his testimony and the jury resolved the dispute in favor of the defendant, rendering a verdict of $52.55 in his favor. The record discloses no error which would warrant a reversal.

A complaint touching an instruction concerning the measure of damages need not be discussed, since the jury, under the facts and sufficient instructions, found plaintiff had suffered no damages.

The judgment is affirmed.

HARVEY, J., not sitting.